UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE S. PEREZ-MARRERO,

       Petitioner,

   v.                        Case No.:  2:26-cv-00674-SPC-NPM

KRISTI NOEM *et al.*,

       Respondents

                                     /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Jorge S. Perez-Marrero's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Perez-Marrero's reply (Doc. 7).

Perez-Marrero is a native of Cuba who was paroled into the United States on May 9, 1980, as part of the Mariel Boatlift.  On April 1, 2016, Perez-Marrero was convicted of attempted sexual battery and sentenced to 163 days' imprisonment.  Perez-Marrero also has prior convictions for burglary, possession of burglary tools, obstructing a police officer, and drug possession.  An immigration judge ordered him removed on May 4, 2016.  Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Perez-Marrero under an order of supervision on August 2, 2016.

On October 26, 2026, ICE arrested Perez-Marrero outside his home and revoked his release.  He is currently detained at Alligator Alcatraz.  Perez-

Marrero challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Administrative Procedures Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700–01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Perez-Marrero's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Perez-Marrero has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2016, and there is no change in circumstances to suggest removal is more likely now. The burden thus shifts

to the respondents, but they make no attempt at rebuttal.  The Court finds no significant likelihood Perez-Marrero will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*.  Given Perez-Marrero's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Jorge S. Perez-Marrero's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Perez-Marrero poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Perez-Marrero may file a reply within three days of the supplemental

response.

**DONE AND ORDERED** in Fort Myers, Florida on April 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record